1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN JAMES KRIER,

                    Plaintiff,

      v.

ADAM FORTNEY, et al.,

                Defendants.

CASE NO. 2:20-cv-01073-RSM-BAT

**REPORT AND
RECOMMENDATION**

      Plaintiff, Steven James Krier, filed a 42 U.S.C. § 1983 civil rights complaint while he was detained at the Snohomish County Jail and a deficient application to proceed in forma pauperis ("IFP"). Dkt. 1. On July 14, 2020, the Clerk of Court sent plaintiff a letter informing him his IFP application was deficient, and that if he did not cure the deficiency by August 13, 2020, the case may be dismissed. As plaintiff has not cure the IFP deficiency or communicated with the Court on this case since submitting his proposed complaint, the case should be dismissed without prejudice. Additionally, under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a case if it finds that the action is frivolous or if it fails to state a claim on which relief may be granted. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it appears beyond a doubt the plaintiff can prove no set of facts in support of his claim that would entitle

REPORT AND RECOMMENDATION - 1

1   him to relief. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court has reviewed plaintiff's

2   proposed complaint and concludes its claims are fatally deficient. As no amendment can cure the

3   deficiencies the proposed complaint should be dismissed with prejudice.

### THE COMPLAINT

4

5       To sustain a civil rights action under § 1983, plaintiff must show (1) he suffered a

6   violation of rights protected by the United States Constitution or created by federal statute, and

7   (2) the violation was proximately caused by a person acting under color of state or federal law.

8   *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

9       Here, plaintiff brings claims against Snohomish County Sheriff Adam Fortney; Everett

10  Police Chief Dan Templeton ;Snohomish County Prosecuting Attorney Adam Cornell; Everett

11  Police Sergeant James Collier; Everett Police Detective Daniel Rubelos; Deputy Prosecuting

12  Attorney Michelle Rutherford; Attorney of the Day John Doe 2;Presiding Judge of Snohomish

13  County Superior Court, John Doe 1; Judges Pro Tem of Snohomish County District Court Jane

14  Doe 2 and John Doe 1; Everett Police Sergeant Jeff Hendriksen; Everett Police Officers A.

15  Krauchun, Oleg Krauchin, Matthew McCourt, and Brandon Hoezel; King County electronic

16  monitoring contractor Jennifer Doe; and King County Adult Detention Caseworker Will Wold.

17  As relief, plaintiff seeks a declaration that his rights were violated, injunctive relief, and

18  monetary damages.

19      In Count I, plaintiff alleges defendants Wild, Jennifer Doe, Rubelos, Templeton,

20  Hendriksen, A. Krauchun, Oleg Krauchin, McCourt and Hoezel violated his right to privacy and

21  due process by performing an unlawful search without a warrant. Specifically, plaintiff alleges

22  he was placed on electronic monitoring and that King County electronic monitoring contractor

23  Jennifer Doe and King County Adult Detention Caseworker Will Wold disclosed his location to

REPORT AND RECOMMENDATION - 2

the other the defendants who then arrested him in Auburn without a warrant. This arrest led to his detention in the Snohomish County Jail.

Plaintiff's allegations against a location monitoring specialist and a King County Jail Detention Caseworker indicate plaintiff was released from custody and that one of the conditions of release was he wear a GPS monitoring device to monitor his whereabouts. Plaintiff alleges the state actors responsible for monitoring his GPS device as a condition of release are prohibited by the United States Constitution from disclosing data from the GPS to law enforcement.

The Fourth Amendment provides in pertinent part "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. Amend. IV.  To establish a violation of the Fourth Amendment, plaintiff must show he had a reasonable expectation of privacy in the area he claimed was invaded by the government. In assessing plaintiff's expectations of privacy, the Court first examines whether the individual, by his conduct, has exhibited an actual (subjective) expectation of privacy, that is whether the individual has shown that he seeks to preserve something as private. *See Smith v. Maryland*, 442 U.S. 735, 740 (1979). Next the Court examines whether plaintiff's subjective expectation of privacy is one society is prepared to recognize as reasonable, that is whether his expectation, viewed objectively, is justifiable under the circumstances. *Id.* at 740.

Here, there is no Fourth Amendment violation because the information from the GPS monitoring—plaintiff's location—could also have been obtained visually without the monitoring device. That is law enforcement could have watched plaintiff, followed him from his residence to other locations to which he traveled and maintained visual surveillance, without the aid of the GPS device. Plaintiff's case is analogous to *United States v. Knotts*, 460 U.S. 276 (1983), where

REPORT AND RECOMMENDATION - 3

police, with the consent of the seller, installed a beeper in a can of chloroform and monitored the beeper after delivery of the can to a buyer. By "monitoring the progress" of the car carrying the chloroform, the police were able the trace the can of chloroform from its place of purchase to the defendant's cabin. The defendant challenged the use of the beeper as a violation of the Fourth Amendment; the Supreme Court rejected his argument, finding since the movements of the car and the arrival of the can containing the beeper could have been observed with the naked eye, the was Fourth Amendment was not violated. *Id.* at 280–285.

Additionally, plaintiff was released on his agreement to wear the GPS monitoring device. He obviously knew his location was not private and that instead his location would ostensibly always be known or ascertainable. He thus had no subjective expectation that his location would be private. Further, his agreement or consent to wear the GPS device, in order to obtain the benefit of release, creates an exception to the Fourth Amendment's warrant requirement. *See e.g., Georgia v. Randolph*, 547 U.S. 103, 109 (2006). As plaintiff agreed to be tracked by the GPS monitoring device, he had no expectation that his location was private and his argument that a warrant was required to obtain information about his location fails.

In Count 2 plaintiff alleges John Doe Attorney of the Day was ineffective and committed malpractice. Plaintiff alleges this defendant is a lawyer working for the public defender, and that he failed to meet with plaintiff to rebut "probable cause or release from confinement" at the criminal preliminary hearings held on May 29 and June 1, 2020. As a result of counsel's poor performance, plaintiff alleges he was unable to present relevant information to the pro tem judges who presided over his criminal detention hearings and the judges just acquiesced to the actions of the law enforcement defendants.

REPORT AND RECOMMENDATION - 4

1    This allegation fails to state a cognizable claim under § 1983. The allegation alleges John

2    Doe Attorney performed poorly in his representation of plaintiff at his criminal preliminary

3    hearings. Counsel's representation of plaintiff at a criminal hearing is a traditional lawyer

4    function. A state public defender performing traditional lawyer functions is not a state actor, for

5    purposes of a § 1983 claim and thus cannot be sued under that section  *Polk County v. Dodson,*

6    454 U.S. 312, 324-25 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002).

7        Plaintiff also alleges his constitutional right to "venue" was violated, and the pro tem

8    judges lacked jurisdiction to detain him and therefore are not immune from suit. This claim

9    appears to rest on plaintiff's assertion that the Snohomish County law enforcement officer

10   defendants arrested plaintiff in Auburn which is in King County. Plaintiff contends he has a

11   constitutional right to "venue," ostensibly arguing the right to be arrested by law enforcement

12   from the same county. However, the United States Constitution does not provide for such a right.

13   Rather the scope of a state law enforcement officers' authority to arrest a person within a state is

14   set by state law, *see State v. Barker,* 143 Wn.2d 915, 921 (2001), and state law violations are not

15   a basis for § 1983 relief.

16       Plaintiff's complaint also alleges he appeared with a public defender at two preliminary

17   hearings. He makes no claim he was not charged with criminal offenses arising from acts within

18   Snohomish County, or that the Snohomish County Prosecuting Attorney was acting outside his

19   authority by charging a crime that did not occur within Snohomish County. The complaint thus

20   indicates plaintiff appeared before a Snohomish County Judge to address criminal charges filed

21   by the Snohomish County Prosecuting Attorney, even though he was located and arrested outside

22   of Snohomish County. The Snohomish County pro tem judges thus possessed the authority and

23   jurisdiction to preside over plaintiff's criminal cases. The pro tem judges thus enjoy absolute

REPORT AND RECOMMENDATION - 5

immunity. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted).

And finally, plaintiff alleges his confinement in the Snohomish County Jail subjected him to impermissible punishment as the conditions of the Jail were poor and he was exposed to risk of contracting COVID-19. The complaint contains no factual assertions that the named defendants operate the jail and thus are responsible for the alleged poor conditions. Rather, the complaint alleges the actions of the defendants led to his arrest and detention in the Snohomish County Jail. But there is nothing alleged the named defendants are responsible for the Jail's conditions.

In sum, for the reasons above the Court recommends the proposed complaint be dismissed with prejudice because it fails to state a claim upon which relief may be granted. As to the claim regarding the conditions at the Snohomish County Jail, those claims should be brought in a separate lawsuit in which plaintiff must name the state actors at the jail, who are not yet named, that he contends are responsible for violating his constitutional rights while housed at the Snohomish County Jail. The currently named defendants, however, are not Snohomish County Jail employees, are not responsible for the conditions at the Jail, and accordingly the claims against them should be dismissed with prejudice.

Additionally, because plaintiff has not submitted a sufficient IFP application as directed or paid the filing fee, the proposed complaint should be dismissed without prejudice.

/

/

/

REPORT AND RECOMMENDATION - 6

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 3, 2020.** The Clerk should note the matter for **September 4, 2020**, as ready for the District Judge's consideration. Objections and responses shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal.

DATED this 19th day of August, 2020.

_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 7